SMITH (BANK OF THE UNITED STATES v.). See Cases Nos. 935 and 936.

---

## Case No. 13,012.
### SMITH v. BARKER.
[Brunner, Col. Cas. 52;[1] 3 Day, 280.]
Circuit Court, D. Connecticut.   Sept., 1808.

AFFIDAVIT FOR CONTINUANCE—EXTRINSIC EVIDENCE NOT ADMISSIBLE TO EXPLAIN.

[This was an action of assumpsit by Nathan Smith against Jacob Barker for breach of a contract. The cause is now heard on a motion for a continuance.]

[For the hearing in this cause, see Case No. 13,013.]

---

## Case No. 13,013.
### SMITH v. BARKER.
[Brunner, Col. Cas. 78;[1] 3 Day, 312.]
Circuit Court, D. Connecticut.   April, 1809.

PLEADING AT LAW—PROOF—VARIANCE—AMENDMENT.

1. Where the declaration alleged an undertaking in consideration of a contract entered

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

into by the plaintiff to build a ship, and the evidence was of a contract to finish a ship partly built, it was held that the variance was fatal.

[Cited in Stone v. Lawrence, Case No. 13,-484.]

2. A declaration may be amended in any stage of the trial, before the case is actually committed to the jury.

[Cited in Tiernan v. Woodruff, Case No. 14,-027.]

The declaration was as follows: "That before the 8th day of February, 1806, the plaintiff had entered into a certain contract with the defendant to build him a ship, which, on said 8th day of February, was building, the same not being finished; and the defendant, on said 8th day of February, in consideration of the plaintiff's building said ship, and the sums which would become due to the plaintiff for building said ship pursuant to said contract, and in part payment thereof made, executed, and delivered to the plaintiff his certain writing or note, in the following words, to wit: 'Dollars, five hundred. Whereas Nathan Smith is building a ship for me on the contract, for which I shall have to pay him a considerable amount, when said contract is completed, I hereby agree to pay said Nathan Smith, or order, five hundred dollars, as soon as that amount shall become due per said contract. Jacob Barker'; as per said note which, without date, was in fact executed and delivered at New York on said 8th day of February, now ready in court to be shown, will fully appear. And the plaintiff says that he did afterwards complete and finish said ship according to contract, and said sum of five hundred dollars became due to the plaintiff in the month of May, 1806, when said ship was completed and finished, and to the defendant delivered, and by him received; which sum of five hundred dollars the defendant hath never paid, nor any part thereof, according to the tenor of said writing, but the same is now justly due. Whereupon the plaintiff says that by reason of the premises, and by force of said writing, the defendant, on or about the first day of May, 1806, after said ship was completed and delivered to the defendant, became justly indebted and liable to pay him said sum of five hundred dollars, and being so liable and indebted, the defendant did afterwards, on said 1st day of May, in consideration thereof, assume upon himself, and to the plaintiff faithfully promise," etc.

The plea was non assumpsit. The plaintiff, to make out his case, read in evidence the following contract: "New London, 26th of October, 1805. I agree to finish the ship I am now building at Stonington, in about one month, in a workmanlike manner, with patent windlass, flush decks, etc. (particularly specifying the manner in which the decks, hull, masts, etc., were to be made), when I agree to sell her to Jacob Barker at thirty dollars per ton, carpenter's tonnage, payable one thousand dollars cash in all next month,

pay my draft at sixty days for five hundred dollars, one hundred dollars of prime flour in New York at the market price, two thousand five hundred dollars in six months after the ship is completed, and the other half in merchandise, at the market price, such articles as I may want. If, however, the ship don't suit Captain G. Barney, the said Barker is to take only one half of her at the above rates, and these payments to be in proportion. Nathan Smith. Jacob Barker."

Goddard & Cleaveland, for defendant, insisted that the contract proved was not the same with that described in the declaration.

First, the consideration is not the same. The declaration states the contract to be for the building of a ship. The consideration of the contract proved is the finishing and selling of a ship to Barker.

Secondly, the declaration states that the money was due on the 1st of May. The proof is that it was not due until November, six months afterwards.

Thirdly, the contract proved says that the ship, when finished, was to be sold to Barker. But on this point the declaration alleges nothing.

Mr. Daggett, in reply, observed,—

First, that the consideration stated in the declaration, to wit, the building of the ship, was taken from the words of the note on which, etc. As the note recites the consideration, we are correct in taking the description of the contract which the note has given.

Secondly, that the money is proved, as we contend, to have been due, as stated, on the 1st of May. This is a question of fact which the jury must determine.

Thirdly, that if the declaration is defective for want of more allegations, advantage may be taken of such deficiency by motion in arrest, but it is no variance.

LIVINGSTON, Circuit Justice. It is the opinion of the court that the consideration alleged is so different from the one proved that we cannot let it go to the jury. The consideration alleged is the building of a ship. The consideration proved is the finishing of the ship Eliza, already built in part, and the selling it to the defendant. Every one knows that to build a ship for another is an essentially different thing from finishing one partly built, or selling one finished. This ship was Smith's, while she was building, till she was finished, and till she was sold and delivered. Without deciding any other points which have been made,[2] we are of opinion that none of the proof offered with respect to the contract in this case can go to the jury.

The plaintiff then moved to amend. This was objected to on the part of the defendant, on the ground that it was too late.

THE COURT said that the plaintiff could

---

[2] Several other points of law were made by counsel in the course of the trial; but as no decision was had upon them, it was not thought best to state them particularly in this report of the case.

amend in any stage of the trial if the case had not been actually committed to the jury.

The declaration was accordingly amended by inserting and declaring upon the contract above recited. Then there was inserted a letter from the defendant to the plaintiff, dated November 21, 1805, in which the defendant concludes to take the whole ship, and introduces a Captain Waterman as his agent, to superintend the finishing of the ship. Then it was averred that Waterman did superintend the finishing and rigging of the ship; and that the defendant, on the 8th day of February, 1806, in pursuance of the contract, executed the note on which, etc. The plaintiff then introduced an averment that he finished the ship in all respects as specified, sold her to the defendant on the 30th of April, 1806, and delivered her with a bill of sale to Waterman, as the agent of the defendant; that Waterman received the ship, and made an indorsement upon the contract in the following words: "Received the ship of Captain Nathan Smith, agreeable to the within contract; and I, as attorney to Jacob Barker, do discharge said Smith from all demands that said Barker has by law or equity, for not delivering her before; as witness my hand this 30th day of April, 1806. D. Waterman, attorney for J. Barker."

The plaintiff then averred that by said writing of the 8th of February, 1806, the defendant assumed and promised to pay the plaintiff, or his order, five hundred dollars, as soon as that amount should become due by said contract; and that on the 30th of April, 1806, said sum was due from the defendant to the plaintiff by said contract, and by the completion, delivery, and sale of said ship.

After the declaration had been thus amended, it was agreed by the counsel to submit the case to the same jury who had heard the evidence adduced in the former stage of the trial.

LIVINGSTON, Circuit Justice, in his charge to the jury said that the contract now stated in the declaration was that Smith should finish the ship Eliza in a workmanlike manner, and sell her to Barker in about one month. The defendant had objected that this contract was not complied with, because the ship was not built in a workmanlike manner. Little proof had been adduced by the defendant to this point, and he considered it as not much insisted on by his counsel. As to the time, it was proved that the ship was not delivered till after six months had elapsed. Nobody could consider this as the fulfillment of a contract to deliver in about one month. But it was insisted for the plaintiff that whatever breach of contract there has been on his part, all advantage to be derived from it had been waived expressly by the defendant. But this note was to become payable when the sum of five hundred dollars should become due on the contract. If the contract was not complied with, this note could not have become due. The court were decidedly of opin-

ion that if Barker had expressly waived all exceptions arising from want of fulfillment of the contract by writing under hand and seal, yet this note would never have become due.

The plaintiff thereupon suffered a nonsuit.

NOTE. *Amendment of Declaration, when Allowed.* Amendments at any stage are within the discretion of the court. Tiernan v. Woodruff [Case No. 14,027], approving above case.

*Variance between Allegation and Proof.* See Stone v. Lawrence [Id. 13,484], citing case in text.

SMITH (BEAN v.). See Case No. 1,174.
SMITH (BELDEN v.). See Case No. 1,242.
SMITH (BERRY v.). See Case No. 1,359.